Davis Polk & Wardwell LLP  
450 Lexington Avenue  
New York, New York 10017  
Telephone: (212) 450-4000  
Facsimile: (212) 701-5800  

Hearing Date: February 22, 2011  
Hearing Time: 10:00 a.m.  

*Attorneys for the Sterling Defendants*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
:
SECURITIES INVESTOR PROTECTION :
CORPORATION, :
:
    Plaintiff-Applicant, : Adv. Pro. No. 08-01789 (BRL)
:
  - against - : SIPA LIQUIDATION
:
BERNARD L. MADOFF INVESTMENT : (Substantively Consolidated)
SECURITIES LLC, :
:
    Defendant. :
:
------------------------------------- x
In re: :
:
BERNARD L. MADOFF, :
:
Debtor. :
:
------------------------------------- x
IRVING H. PICARD, :
:
    Plaintiff, :
:
  - against - : Adv. Pro. No. 10-05287 (BRL)
:
SAUL B. KATZ, et al. :
:
    Defendants. :
:
------------------------------------- x

**MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL TURNOVER OF DISCOVERY**

The Sterling Defendants hereby move pursuant to Federal Rules of Bankruptcy Procedure 2004, 7026(d)(1) and 7037(a)(1) to compel the Trustee to provide to the Sterling Defendants all information related to the complaint filed against the Sterling Defendants on December 7, 2010.

**BACKGROUND**

The complaint filed against the Sterling Defendants makes grave allegations to the effect that—despite the loss of hundreds of millions of dollars when BLMIS failed—they are not victims because they "knew or should have known" that their registered broker, Bernard L. Madoff Investment Securities, LLC., was not executing any trades and was engaged in a Ponzi scheme.

These allegations are without foundation—in law or in fact.

Indeed, despite extensive pre-complaint discovery, the complaint against the Sterling Defendants makes one hundred and two substantive allegations "upon information and belief." (*See, e.g.*, Compl. ¶¶ 865, 866, 875, 884, 887-888, 890, 892, 907, 918, 964-968.) Many of these are inconsistent with the documents and testimony provided to the Trustee by the Sterling Defendants.

The complaint suggests that it rests upon information provided to the Trustee—without notice to the Sterling Defendants—by others, including Sterling Stamos Partners, Merrill Lynch and possibly other persons or institutions. (*See, e.g.*, Compl. ¶¶ 868-870, 897-899, 902, 915-917, 920.) As a matter of simple fairness, the Sterling Defendants are entitled to immediate access to this information in order to defend themselves against this unfounded complaint. Their need for full disclosure by the Trustee is particularly evident if the parties are to have a productive mediation, as this Court has ordered.

However, the Trustee has refused to provide the information. (Declaration of Karen E. Wagner, dated Feb. 14, 2011, Ex. B.)

The Trustee does not deny that the Sterling Defendants are entitled to the information in his possession, but seeks to continue to withhold it, hiding behind the Bankruptcy Rules. He calls the Sterling Defendants' request "premature." Given the huge media storm that followed the unsealing of this complaint, which has led to widespread publication of the Trustee's allegations, the Trustee's refusal to disclose this information is inexplicable and unjust.

The Trustee then suggests that disclosure of this information to the Sterling Defendants would be "special treatment." This argument is equally invalid. Providing the information is particularly necessary in order to mitigate the potential damage caused by the filing of a complaint designed to force a settlement and the media republication of the allegations in the complaint, and to permit the Sterling Defendants to engage in a meaningful mediation pursuant to this Court's mediation order.

Finally, if any party has an issue with regard to confidentiality, it can be addressed when raised. No such issue can preclude the Sterling Defendants from seeing what information was available to the Trustee when he filed his complaint. As the Trustee himself recognized in his recent motion for leave to serve defendants with complaints and exhibits containing information others have provided on a confidential basis, fundamental fairness and due process mandate that the Sterling Defendants have access to any information in the Trustee's possession that bears on the complaint against them.

# ARGUMENT

## THE STERLING DEFENDANTS ARE ENTITLED TO THE TRUSTEE'S INFORMATION

The baseless conclusions that characterize the complaint filed against the Sterling Defendants are not supported by the evidence provided by the Sterling Defendants to the Trustee. The Sterling Defendants are entitled to immediate access to any information in the possession of the Trustee when he filed the complaint in order to defend themselves in this Court and to participate meaningfully in the mediation ordered by this Court.

Good cause therefore exists for the Sterling Defendants' request. *See, e.g.*, *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (adopting and applying the "flexible standard of reasonableness and good cause" to pre-Rule 26(f) conference discovery requests); *see also Directory Assistants, Inc. v. John Doe*, 3:10-CV-548 (CFD), 2010 U.S. Dist. LEXIS 41881, at *2 (D. Conn. April 28, 2010) (same); *Stern v. Cosby,* 246 F.R.D. 453, 457-58 (S.D.N.Y. 2007) (same).

The Sterling Defendants' undisputed right to this information is not blocked by Bankruptcy Rule 7026, which expressly authorizes a court to permit discovery regardless of timing. *See* Fed. R. Bankr. P. 7026(d)(1). Here, where the filing of the complaint was preceded by massive discovery, including the provision by the Sterling Defendants alone of many depositions and at least 700,000 documents, the Sterling Defendants are plainly entitled to know why so many allegations are made "upon information and belief." The request places no burden upon the Trustee, as the information is readily available to him. A formulaic response that the information will not be provided until a Rule 26(f) (Bankr. R. 7026(f)) discovery conference and initial disclosures pursuant to Fed. R. Civ. P.

26(a)(1) (Bankr. R. 7026(a)(1)) occur is simply unjust, and is certainly not mandated by any rule.

The Trustee's position is completely contrary to his own motion for leave to provide similar information to other defendants. (*See* Trustee's Motion For Entry Of An Order Establishing Procedures For Serving Complaints and Exhibits Filed Under Seal, dated Jan. 11, 2011, docket entry 3670.) In that motion, the Trustee stated:

> A defendant has the right to see the entirety of the complaint against him. *See, e.g.*, *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (citations omitted). Such notice must leave "little doubt that the party has actual notice of the claims in order to appear and defend." *S.E.C. v. Tome*, 833 F.2d 1086, 1092 (2d. Cir. 1987). These principles must likewise be upheld in bankruptcy and adversary proceedings. *See, e.g.*, *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 296 (1953) (citing to *Mullane* in case under Bankruptcy Act); *Pacificorp and Vancott Bagley Cornwall & McCarthy v. W.R. Grace*, 2006 WL 2375371 at *3 (D. Del. Aug. 16, 2006) (citing to *Mullane* in adversary proceeding brought pursuant to Bankruptcy Code).

*Id.* ¶ 23.

The same reasoning requires that the Trustee provide to the Sterling Defendants any information relevant to the allegations in his complaint.

## CONCLUSION

The Sterling Defendants request that this Court compel the Trustee immediately to provide the information in his possession relating to the complaint against the Sterling Defendants.

Dated: New York, New York
February 14, 2011

                                DAVIS POLK & WARDWELL LLP

                                By:  s/ Karen E. Wagner
                                       Karen E. Wagner
                                       Dana M. Seshens

                                       450 Lexington Avenue
                                       New York, New York 10017
                                       Telephone: (212) 450-4000
                                       Facsimile: (212) 701-5800

                                       *Attorneys for the Sterling Defendants*